UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20074-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

JAMES DERIS,

     Defendant.
_____/

## ORDER DENYING MOTIONS TO DISMISS

**THIS CAUSE** is before the Court on Defendant James Deris's Motion to Dismiss Based on a Violation of the Statute of Limitations [DE 43], Motion to Dismiss Based on a Violation of Due Process [DE 44], and Motion to Dismiss Count I Based on a Failure to Allege Overt Acts [DE 45]. The Court has considered the motions, the Government's response [DE 51], and the record in this case, and is otherwise fully advised in the premises.[1]

### I. BACKGROUND

On January 27, 2011, a federal grand jury returned an Indictment [DE 3] charging Mr. Deris with three counts: conspiracy to commit mail and wire fraud (Count 1); conspiracy to commit access device fraud (Count 2); and access device fraud (Count 3). See DE 1. On May 26, 2011, the grand jury returned a Superseding Indictment [DE 52] charging Mr. Deris with the same counts.

### II. DISCUSSION

On May 9, 2011, Mr. Deris filed two motions to dismiss the Indictment, and on May 10, 2011, he filed a motion to dismiss Count 1. The Court will discuss each motion in turn.

---

[1] Mr. Deris did not file a Reply, and the time for doing so has passed.

## A. Motion to Dismiss Based on a
## Violation of the Statute of Limitations

In his first motion to dismiss, Mr. Deris argues that the conduct contained in the Indictment falls outside of the limitations period.  See DE 43.  The charged offenses have a five-year statute of limitations.  18 U.S.C. § 3282(a).  The Indictment in this case was returned on January 27, 2011.  DE 1.  Therefore, the charges do not merit dismissal if the limitations period expired after that date.

With respect to Count 1, the conspiracy statute at issue does not require proof of an overt act, so "the indictment satisfies the requirements of the statute of limitations if the conspiracy is alleged to have continued into the limitations period."  United States v. McNair, 605 F.3d 1152, 1213 (11th Cir. 2010).  The allegations in Count 1 began in December 2005 and continued through February 1, 2006.  Thus, the statute of limitations did not expire until February 1, 2011, after the Indictment was returned.  Therefore, the allegations in Count 1 fall within the limitations period.

As for Count 2, the statute at issue, § 371, does require proof of an overt act within the limitations period.  See McNair, 605 F.3d at 1213.  The Superseding Indictment alleges conduct that took place on January 30, 2006.  Thus, the statute of limitations for Count 2 did not expire until January 30, 2011, after the Indictment was returned.  Therefore, the allegations in Count 2 fall within the limitations period.

Finally, turning to Count 3, the access device fraud charge alleges a "continuing offense."  See 18 U.S.C. § 1029(a)(2) (". . . during any one-year period . . ."); see also United States v. De La Mata, 266 F.3d 1275, 1288 (11th Cir. 2001) ("A continuing offense is one which is not complete upon the first act, but instead continues to be perpetrated over time.").  "For continuing offenses, the statute of limitations commences on the date of the last overt act in furtherance of the crime."  United States v. Germany, 296 Fed. App'x 852, 862 (11th Cir. 2008).  This Count alleges conduct between

December 2005 and February 1, 2006, so the limitations period did not expire until February 1, 2011, after the Indictment was returned. Therefore, the allegations in Count 3 fall within the limitations period. Accordingly, because the allegations in all three counts fall within the limitations period, the Court will deny Mr. Deris's first motion to dismiss.

### B. Motion to Dismiss Based on a Violation of Due Process

In his second motion to dismiss, Mr. Deris argues that his charges should be dismissed because the Government already brought charges against him for similar conduct. See DE 43. Mr. Deris claims the Government failed to meet its "due diligence" requirement under the Double Jeopardy Clause of the Fifth Amendment to join all charges of which it was aware in the first criminal action against him.

To prove a Fifth Amendment due process violation, a defendant must show: (1) "that the delay caused actual prejudice to his defense; and [(2) . . .] that the delay was a product of deliberate design by the government to gain a tactical advantage." United States v. LeQuire, 943 F.2d 1554, 1560 (11th Cir. 1991). Mr. Deris's claim fails under this analysis because he has not alleged that any delay was a product of the Government's deliberate attempt to gain a tactical advantage.

To prove a Double Jeopardy Clause violation based on a second prosecution for the same offense after conviction, a defendant must show that the two offenses constitute the "same criminal offense" under the "same-elements test." See United States v. Dixon, 509 U.S. 688, 696 (1993). This test, "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." Id. In a successive prosecution scenario, the "due diligence exception" permits a second prosecution where the Double Jeopardy Clause would otherwise bar it, United States v.

3

Maza, 983 F.2d 1004, 1008 (11th Cir. 1993), but the Court need not reach this exception here because, as described below, the instant charges fail the "same-elements test" in the first place.

The 2007 case charged Mr. Deris with one count of conspiracy to commit bank fraud based on a counterfeit check scheme. The instant case charges Mr. Deris under different fraud statutes, for conspiracy to commit mail and wire fraud, conspiracy to commit access device fraud, and access device fraud. Additionally, the conduct at issue in the 2007 case occurred between April 2005 and June 2005, before the conduct in the instant case took place. With virtually no overlap in time, co-conspirators, statutory offenses, overt acts, or places where the events alleged as part of the conspiracy took place, the instant charges against Mr. Deris are not for the same offense for which he was charged in 2007 and are therefore not barred by the Double Jeopardy Clause. The fact that both sets of charges include § 1349 conspiracies is inapposite. "Double jeopardy was not meant to immunize a defendant from prosecution if he violates the same law *again*." Maza, 983 F.2d at 1011. Therefore, the Court will deny Mr. Deris's second motion to dismiss.

### C. Motion to Dismiss Count I Based on a Failure to Allege Overt Acts

In his third motion to dismiss, Mr. Deris seeks dismissal of Count I, conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349, based on the Indictment's failure to allege any overt acts. See DE 45 at 1. Contrary to Mr. Deris's contentions, § 1349 does not require an overt act.

Section 1349 states, "Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 18 U.S.C. § 1349. The statute "does not contain an overt act requirement." United

4

States v. Stoll, Case No. 10-60194-CR, 2010 WL 5313486, at *4 n.4 (S.D. Fla. Nov. 23, 2010) (citing United States v. Shabani, 513 U.S. 10, 12 (1994) (refusing to imply overt act requirement where not explicitly contained in the statute)); compare 18 U.S.C. § 1349 with 18 U.S.C. § 371 ("... and one or more of such persons do any act to effect the object of the conspiracy...") and 18 U.S.C. § 1029(b)(2) ("... if any of the parties engages in any conduct in furtherance of such offense..."). Therefore, Count I does not merit dismissal for failure to allege an overt act, and the Court will deny Mr. Deris's third motion to dismiss.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant James Deris's Motion to Dismiss Based on a Violation of the Statute of Limitations [DE 43] is **DENIED**;

2. Defendant James Deris's Motion to Dismiss Based on a Violation of Due Process [DE 44] is **DENIED**; and

3. Defendant James Deris's Motion to Dismiss Count I Based on a Failure to Allege Overt Acts [DE 45] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 7th day of July, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF